IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLARENCE REDMOND LOGUE, JR., | Cause No. CV 20-01-M-DLC-KLD |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On January 2, 2020, Petitioner Clarence Redmond Logue filed this action under 28 U.S.C. § 2254.[1] Logue is a state prisoner proceeding pro se. For the reasons set forth below, Logue's petition should be dismissed as unexhausted.

## I.   Motion for Leave to Proceed in Forma Pauperis

Logue moves for leave to proceed in forma pauperis. (Doc. 3). After reviewing the motion and supporting account statement, Logue has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

---

[1] See, *Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

1

## I.      28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 Governing Section 2254 Cases.   Because Logue's claims are unexhausted, his petition should be dismissed without prejudice.

## II.    Procedural History/Logue's Claims

Logue was charged and ultimately convicted of felony Criminal Mischief in Montana's Eleventh Judicial District, Flathead County.  (Doc. 1 at 2-3.)  The Montana Supreme Court explained Logue's procedural history as follows:

> Logue was initially arrested on June 12, 2017, and released on his own recognizance (O/R) on July 6, 2017.  The court revoked his O/R release on September 6, 2017, and sentenced Logue on March 8, 2018.  The court resentenced Logue on March 1, 2019, after revoking his original sentence.

See, *Logue v. 11th Jud. Dist.*, OP 19-0642, Or. at 2 (Mont. Nov. 19, 2019).[2]  During the course of his underlying state criminal proceedings, Logue was detained

---

[2] All state court orders and briefing available at:
https://appecm.mt.gov/PerceptiveJUDDocket/ (accessed January 8, 2020).

multiple times at the Flathead County Detention Center (FCDC). *Id.*

On August 6, 2019, Logue filed a petition for postconviction relief (PCR) in the state district court. *Id.* While the PCR proceedings were pending, Logue petitioned the Montana Supreme Court for a writ of supervisory control and requested the Court dismiss his underlying criminal case. *Id.* at 1. Logue argued that the FCDC unlawfully deprived him of $1,253.92 in medical costs. *Id.* The Court denied Logue relief, noting that he was not currently incarcerated at the FCDC, that his PCR proceedings were not yet complete, and that he could present his claims to the PCR court. *Id.* at 2. Additionally, the Court advised Logue that he had the remedy of appeal available to him and further found that he failed to demonstrate either that the district court was proceeding under a mistake of law or that state-wide issues of constitutional importance were involved. *Id.* Logue filed a petition for rehearing with the Montana Supreme Court, which was denied on December 31, 2019. *Logue v. 11th Jud. Dist.*, OP 19-0642, Or. (Mont. Dec. 31, 2019).

Following the conclusion of his proceedings in the Montana Supreme Court, Logue filed a motion for default judgment and brief in support in his PCR case. See, *Logue v. State*, DV-2019-843, Dkt. 12-13, (filed January 6, 2020).[3]

---

[3] A court may take judicial notice of orders and filings in state courts when directly related to the case at issue. *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011). For purposes of clarity, the Clerk of Court will be directed to file a copy of the

Case 9:20-cv-00001-DLC   Document 5   Filed 01/10/20   Page 4 of 9


Additionally, Logue is currently representing himself on direct appeal from the district court's denial of post-judgment motions filed in his criminal case. See, *State v. Logue*, No. DA 19-0589.

In the instant petition Logue claims: (1) the original sentence imposed violated his right to due process and right to defend against the accusations, (Doc. 1 at 4, ¶ 13(A)); (2) counsel provided ineffective assistance at the initial sentencing hearing and during the revocation proceedings, *id.* at 5, ¶ 13(B); the sentence imposed constitutes cruel and unusual punishment in violation of the Eighth Amendment, *id.* at 6; the State engaged in malicious prosecution, *id.*; and, the State lacked jurisdiction and adequate probable cause to establish the elements of the offense of conviction. *Id.*

Logue asks this Court to vacate his underlying criminal conviction and order the matter be dismissed with prejudice. *Id.* at 8, ¶ 17.

## III.   Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The

---

state PCR docket into the record in this matter.

4

exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

Logue was previously advised of the exhaustion requirement. See, *Logue v. Smith*, No. CV 19-108-M-DLC-JCL, Find. & Rec. (filed July 26, 2019).[4] Logue

---

[4] Logue's prior federal habeas petition was ultimately dismissed for failure to exhaust state judicial remedies. *Logue v. Smith*, CV 19-108-M-DLC-JCL, Or. (D. Mont. Sept. 9, 2019).

now argues that because the State has not yet responded to his PCR petition and the Montana Attorney General's Office has not yet responded to his direct appeal, circumstances exist that render the state processes ineffective, making it impossible for Logue to exhaust his state remedies. See, (Doc. 2 at 1-2.) Logue is mistaken. In the present case, the Montana Supreme Court has not yet considered the claims Logue attempts to advance. As set forth above, Logue's PCR petition is currently pending before the state district court; if he does not receive relief there, he has the remedy of direct appeal available to him. In relation to the direct appeal proceedings pending in Logue's criminal case, the State's response brief is not due until February 7, 2020. See, *State v. Logue*, No. DA 19-0589, Or. (Mont. Jan. 7, 2020).

Before Logue can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. But because Logue has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be without prejudice, allowing Logue to return to this Court if and when he fully exhausts the claims relative to his current custody.

To the extent that Logue seeks this Court's intervention in his ongoing state court proceedings, his request is likewise misplaced. Absent extraordinary circumstances, "interests of comity and federalism instruct [federal courts] to

6

abstain from exercising our jurisdiction in certain circumstances when…asked to enjoin ongoing state enforcement proceedings." *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F. 3d 716, 727 (9th Cir. 2017).  "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F. 3d 763, 765 (9th Cir. 2018).  But "even if *Younger* abstention is appropriate, federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'"  *Id.* at 765-66 (quoting *Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

Logue's state proceedings are currently ongoing, including an active PCR petition and direct appeal.  This Court's involvement in either matter would have the effect of enjoining the active state proceedings.  Further, Logue has demonstrated no extraordinary circumstance that would make *Younger* abstention inappropriate.  While the Court understands that Logue disagrees with the Montana Supreme Court's decision not to issue a writ of supervisory control and with the amount of time his state proceedings are taking, he has failed to make a showing of bad faith or harassment.  He is currently pursing available state remedies.  This

Court must abstain under *Younger* and its progeny

## IV.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Logue has not yet made a substantial showing that he was deprived of a constitutional right.  Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

8

**ORDER**

1. Logue's motion for leave to proceed in forma pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. The Clerk of Court is directed to file a copy of the docket sheet in *Logue v. State,* DV-2019-843, into the record in this matter.

**RECOMMENDATION**

1. Logue's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Logue may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Logue must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 10th day of January, 2020.

Kathleen L. DeSoto
United States Magistrate Judge

9