IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLARENCE REDMOND LOGUE, JR., | CV 20–01–M–DLC–KLD |
| Petitioner, | |
| vs. | ORDER |
| LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendations in this case on January 10, 2020, recommending that the Court dismiss Petitioner Clarence Redmond Logue, Jr.'s Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2254, and deny a certificate of appealability.  (Doc. 5.)  Logue timely filed objections to the Findings and Recommendations.  (Doc. 6.)  Consequently, Logue is entitled to de novo review of those findings and recommendations to which he has specifically objected.  28 U.S.C. § 636(b)(1)(C).  Absent objection, this Court reviews findings and recommendations for clear error.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Clear

error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge DeSoto recommended that the Court dismiss Logue's petition for failure to exhaust his state court remedies. Logue's direct appeal in the underlying criminal case remains pending before the Montana Supreme Court, and his postconviction relief petition continues to sit on the state district court's active docket. *See State v. Logue*, No. DA 19-0589, Or. (Mont. March 31, 2020); *Clarence Redmond Logue v. State of Montana*, No. DV 15-2019-843. Judge DeSoto therefore concluded that Logue has failed to give the state an initial opportunity to pass upon and correct alleged violations of his federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Logue objects, arguing that, by *filing* his petition for postconviction relief in state trial court and by *filing* a direct appeal in the Montana Supreme Court, he has met the exhaustion requirement under 28 U.S.C. § 2254(b)(1)(A). However, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In other words, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, state courts should have the first opportunity to

review this claim *and provide any necessary relief*.  *O'Sullivan v. Boerckel*, 526 U.S. 838 844 (1999) (emphasis added).  Here, Logue does not dispute that the state courts have yet to fully review either his postconviction relief petition or his direct appeal.  Therefore, Logue has not yet exhausted his available state court remedies.

Furthermore, the Court agrees with Judge DeSoto that *Younger* abstention applies to the extent that Logue seeks intervention in his ongoing state proceedings.  It does not follow, as Logue says, that because the state trial court has yet to rule on his motion for default judgment in his postconviction relief case, the case "is adjudicated in [his] favor as a matter of law." (*See* Doc. 6 at 3.) Again, Logue's direct appeal and his postconviction relief case remain ongoing. Additionally, to echo Judge DeSoto, while Logue may be frustrated with the speed at which his state cases are proceeding, he makes no showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  *See Aravalo v. Hennessy*, 882 F.3d 763, 766 (9th Cir. 2018) (citation omitted).

Finally, reviewing de novo, the Court adopts Judge DeSoto's recommendation to deny a certificate of appealability.  Because Logue has yet to exhaust his state court remedies, reasonable jurists would find no basis to encourage further proceedings.  *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

- 3 -

Accordingly, reviewing the remaining portions of Judge DeSoto's Findings and Recommendations for clear error and finding none,

 IT IS ORDERED:

(1)    Judge DeSoto's Findings and Recommendations (Doc. 5) is ADOPTED IN FULL;

(2)    Logue's Petition (Doc. 1) is DISMISSED WITHOUT PREJUDICE for failure to exhaust;

(3)    The Clerk of Court shall enter judgment of dismissal by separate document; and

(4)    A certificate of appealability is DENIED.

DATED this 21st day of April, 2020.

Dana L. Christensen, District Judge
United States District Court